UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREENSTAR TECHNOLOGIES, LLC and BLUE SURGE TECHNOLOGIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOES 1 through 5 and ABC CORPORATIONS 1 through 5,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiffs Greenstar Technologies, LLC, a New Jersey limited liability company with a principal place of business at 230 Davidson Avenue, Somerset, New Jersey 08873 and Blue Surge Technologies, LLC, a New Jersey limited liability company with a principal place of business also located at 230 Davidson Avenue, Somerset, New Jersey 08873, by way of Complaint hereby allege and say:

**JURISDICTION AND VENUE**

1. Plaintiff, Greenstar Technologies, LLC (" Greenstar"), is a New Jersey limited liability company with a principal place of business at 230 Davidson Avenue, Somerset, New Jersey 08873. Its sole owner is a resident of the State of New Jersey.

2. Plaintiff, Blue Surge Technologies, LLC ("Blue Surge"), is a New Jersey limited liability company with a principal place of business also located at 230 Davidson Avenue, Somerset, New Jersey 08873. Its sole owner is Greenstar.

1

3. Plaintiffs, Greenstar and Blue Surge, are bringing this action pursuant to the Economic Espionage Act, 18 U.S.C. §§1831 – 1839. This Court possesses jurisdiction over this action pursuant to 18 U.S.C. §1836(c).

4. Plaintiffs also bring this action under the Computer Fraud and Abuse Act, 18 U.S.C. §1030.

5. Plaintiffs also assert claims of theft of trade secrets, wrongful conversion and civil conspiracy over which this Court possesses supplemental and/or concurrent jurisdiction.

6. This is the correct venue pursuant to 28 U.S.C. §1391 in that it is believed that the defendants are located in New Jersey and a substantial part of the events giving rise to the claims occurred in New Jersey.

## FIRST COUNT

7. Plaintiffs Greenstar and Blue Surge are engaged in the development of Internet of Things software platforms and cloud computing, primarily from their offices in Somerset, New Jersey.

8. In connection with their businesses, they have developed and/or acquired ownership of trade secrets as defined in 18 U.S.C. §1839 (3), including but not limited to programs, codes, processes and applications. They have undertaken reasonable precautions to keep such information secret and the information derives economic value from not being generally known to and/or not being readily ascertainable through proper means by another person or company who can obtain economic value from the disclosure or use of the information.

9. Greenstar and/or Blue Surge are the owners of said trade secrets as defined in 18 U.S.C. §1839(4).

10. Starting on or about September 19, 2023, John Does 1 through 5 and/or ABC Corporations 1 through 5 or some of them breached the companies' IT system and downloaded the companies' Internet of Things software platform from their cloud infrastructure hosted in Azure. They thereby gained unauthorized access and then copied files and files from specific servers were deleted, including the deletion of all files on one of the servers.

11. Said files included information that was and is critical to the Plaintiffs' businesses and which they exercised efforts to keep confidential since the utilization and/or disclosure thereof would damage their business tremendously. Those trade secrets are used in connection with Plaintiffs' offerings to their customers and potential customers.

12. The misappropriation of Plaintiffs' trade secrets was done by improper means as defined in 18 U.S.C. §1839(6).

13. Defendants thereby committed misappropriation of Plaintiffs' trade secrets by improper means and are liable to Plaintiffs pursuant to 18 U.S.C. §1836.

14. Defendants' actions were willful and malicious.

15. Defendants undertook said willful and malicious actions for their own economic gain.

16. Defendants' willful and malicious actions caused Plaintiffs significant damages.

17. In order to attempt to protect their trade secrets, Plaintiffs are entitled to an injunction to prevent any further misappropriation and/or utilization by any Defendant of their trade secrets.

18. Once Plaintiffs identify the individual(s) and/or corporation(s) involved, they intend to seek and are entitled to civil seizure as provided for in 18 U.S.C. §1836.

19. Plaintiffs are also entitled to damages for actual loss caused by the misappropriation of their trade secrets pursuant to 18 U.S.C. § 1836(b)(3)(B)(i)(I) and/or for damages for any unjust enrichments caused by said misappropriation of the trade secrets not addressed in computing the damages for actual loss pursuant to 18 U.S.C. §1836 (b)(3)(B)(i)(II).

20. Since the misappropriation was willful and malicious, Plaintiffs are also entitled to exemplary damages pursuant to 18 U.S.C. §1836(b)(3)(C).

**WHEREFORE**, Plaintiffs demand judgment as against Defendants, jointly and severally, for:

(1) Injunctive relief;

(2) Civil Seizure;

(3) Damages for actual loss and/or damages for Defendants' unjust enrichment;

(4) Exemplary Damages;

(5) Counsel Fees;

(6) Costs;

(7) Such other relief as this Court deems just.

## SECOND COUNT

21. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 20 as if set forth herein in their entirety.

22. Defendants intentionally accessed a computer or computers without authorization and/or exceeded their authorized access (they were not authorized) and obtained information from a protected computer in violation of 18 U.S.C. §1030.

23. The computers were protected in that they were used in and/or affect interstate and/or foreign commerce or communication in a manner that affects interstate or foreign commerce consistent with 18 U.S.C. §1030(e)(2)(B).

24. The actions of Defendants caused an impairment to the integrity and/or availability of data, programs, a system and/or information and therefore caused damage as defined in 18 U.S.C. §1030(e)(8).

25. The actions of the Defendants caused Plaintiffs to incur a loss as defined in 18 U.S.C. §1030(e)(11) in that Plaintiffs incurred reasonable costs and/or also incurred a loss of revenue.

26. Plaintiffs are entitled to obtain compensatory damages and injunctive relief pursuant to 18 U.S.C. §1030(g).

**WHEREFORE**, Plaintiffs demand judgment as against Defendants, jointly and severally, for:

(1) Injunctive relief;

(2) Compensatory Damages;

(3) Counsel Fees;

(4) Costs;

(5) Such other relief as this Court deems just.

## THIRD COUNT

27. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 26 as if set forth herein in their entirety.

28. By the actions set forth above, Defendants intentionally and wrongfully converted Plaintiffs' trade secrets to their own use.

29. Such actions were intentional and malicious, intending to benefit Defendants and harm Plaintiffs.

30. Plaintiffs are entitled to compensatory and punitive damages for the wrongful conversion.

**WHEREFORE**, Plaintiffs demand judgment as against Defendants, jointly and severally, for:

(1) Compensatory Damages;

(2) Punitive Damages

(3) Counsel Fees;

(4) Costs;

(5) Such other relief as this Court deems just.

## FOURTH COUNT

31. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 30 as if set forth herein in their entirety.

32. Defendants, by the actions set forth above, stole the trade secrets of the Plaintiffs and are using them as if their own.

33. Such actions were intentional and malicious, intending to benefit Defendants and harm Plaintiffs.

34. Plaintiffs are entitled to compensatory and punitive damages.

**WHEREFORE,** Plaintiffs demand judgment as against Defendants, jointly and severally, for:

(1) Compensatory Damages;

(2) Punitive Damages

(3) Counsel Fees;

(4) Costs;

(5) Such other relief as this Court deems just.

## **FIFTH COUNT**

35. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 34 as if set forth herein in their entirety.

36. At least two of the Defendants conspired to steal and/or wrongfully convert Plaintiffs' trade secrets and are liable for civil conspiracy.

37. Defendants, by the actions set forth above, stole the trade secrets of the Plaintiffs and are using them as if their own.

38. Such actions were intentional and malicious, intending to benefit Defendants and harm Plaintiffs.

39. Plaintiffs are entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiffs demand judgment as against Defendants, jointly and severally, for:

(1) Compensatory Damages;

(2) Punitive Damages

(3) Counsel Fees;

(4) Costs;

(5) Such other relief as this Court deems just.

**DREIFUSS BONACCI & PARKER, PC**
*Attorneys for Plaintiff, Greenstar Technologies, LLC And Blue Surge Technologies, LLC,*

s/David C. Dreifuss
DAVID C. DREIFUSS, ESQ.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Civil Rule 11.2 counsel hereby certified that the subject of this action is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**DREIFUSS BONACCI & PARKER, PC**
*Attorneys for Plaintiff, Greenstar Technologies, LLC*
*And Blue Surge Technologies, LLC,*

s/David C. Dreifuss
DAVID C. DREIFUSS, ESQ.