UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GREENSTAR TECHNOLOGIES, LLC, and
BLUE SURGE TECHNOLOGIES, LLC,

Plaintiffs,

v.

RAMAKRISHNA REDDY GOURU, *et al.*,

Defendants.

Civil Action No. 23-21293 (MAS) (JBD)

**MEMORANDUM ORDER**

This matter comes before the Court upon two motions: (1) Defendant LG Electronics USA, Inc.'s ("LGEUS") Motion for Sanctions (the "Motion") pursuant to Federal Rule of Civil Procedure[1] 11 (*see generally* LGEUS's Mot., ECF No. 105); and (2) Plaintiffs Greenstar Technologies, LLC, and Blue Star Technologies, LLC's (collectively, "Plaintiffs") Cross-Motion (the "Cross-Motion") for an Award of Counsel Fees against LGEUS[2] (*see generally* Pls.' Not. of Cross-Mot., ECF No. 107; Pls.' Cross-Mot., ECF No. 106). LGEUS replied in further support of its Motion and opposed Plaintiffs' Cross-Motion. (*See generally* LGEUS's Opp'n Br., ECF No. 110.) The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

LGEUS brings the Motion, asking the Court to issue sanctions because "[a]ll of Plaintiffs' claims against LGEUS are unsupported and are contrary to facts known to Plaintiffs[,]" and "[t]he lack of factual basis for these allegations renders the entire [Fourth Amended Complaint ('FAC')]

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] Plaintiffs' Cross-Motion also serves as their opposition to LGEUS's Motion. (*See generally* Pls.' Cross-Mot.)

frivolous and violative of Rule 11." (LGEUS's Mot. 8.) Plaintiffs oppose, arguing that "[LGEUS's] Motion for sanctions is frivolous" given the facts outlined in the FAC and supporting documentation, and that instead, because LGEUS brought its Motion "without [a] substantive basis[,]" the Court should award Plaintiffs "attorneys' fees incurred in connection to responding to the Motion[.]" (Pls.' Cross-Mot. 1-4, 24-25.)

Rule 11 provides, in pertinent part, that:

> By presenting to the court a pleading . . . —whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Moreover, if "the court determines that Rule 11(b) has been violated, the court *may* impose an appropriate sanction . . . ." Fed. R. Civ. P. 11(c) (emphasis added). "Sanctions awarded under [Rule 11] 'are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous.'" *Gant v. Ragone*, No. 20-1727, 2021 WL 3144620, at *1 (D.N.J. July 26, 2021) (quoting *Goldenberg v. Indel, Inc.*, No. 09-5202, 2011 WL 1134454, at *2 (D.N.J. Mar. 25, 2011)). "Indeed, the Third Circuit has recognized that Rule 11 sanctions should only be imposed in those rare instances where the evident frivolousness of a claim or motion

2

amounts to an 'abuse[] of the legal system.'" *Id.* (alteration in original) (citation omitted). "Furthermore, even in those 'exceptional circumstances' [in which] the court may [impose sanctions], [it] is not required to" do so. *Levey v. Brownstone Inv. Grp., LLC*, No. 11-395, 2012 WL 603799, at *2 (quoting *Bensalem Township v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994)).

Here, the Court notes that the parties filed their motions before the Court ruled on the then-pending motions to dismiss, including LGEUS's Motion to Dismiss Plaintiffs' FAC.[3] (*See generally* LGEUS's Mot. to Dismiss, ECF No. 98.) The Court subsequently ruled on the pending motions to dismiss the FAC, granting in part and denying in part the motions, and finding that Plaintiffs adequately alleged claims for trade secret misappropriation under the Defend Trade Secret Act and common law. (*See* Feb. 18, 2026, Mem. Op. 7-11, ECF No. 111; Feb. 18, 2026, Order, ECF No. 112.)

The Court, therefore, is not persuaded by LGEUS's arguments that the FAC was frivolous or "unsupported and . . . contrary to facts known to Plaintiffs." (LGEUS's Mot. 8.) Quite the contrary, the Court has found that two of Plaintiffs' claims alleged in the FAC passed muster at the motion to dismiss stage. (*See* Feb. 18, 2026, Mem. Op. 7-11; Feb. 18, 2026, Order.) The Court, therefore, finds that sanctions against Plaintiffs are not appropriate at this time.[4] *See, e.g., United States ex rel. Jersey Strong Pediatrics, LLC v. Wanaque Convalescent Ctr.*, No. 14-6651, 2019 WL 7116208, at *2 (D.N.J. Nov. 25, 2019) ("This Court's denial of [d]efendants' motions to dismiss

---

[3] The Court notes that, at that time, there was another pending motion to dismiss the FAC filed by Defendant Ramakrishna Reddy Gouru. (*See generally* Gouru's Mot. to Dismiss, ECF No. 97.)

[4] The Court recognizes that it took Plaintiffs multiple times to adequately allege any claims. The Court, however, still does not find that sanctions against Plaintiffs are appropriate at this time. *See, e.g., Levey*, 2012 WL 603799, at *2 (noting court is not required to impose sanctions).

3

indicates that [plaintiff's] allegations are plausible. Thus, [d]efendants' Rule 11 position, that the complaint offered no cognizable legal theory, was also rejected."), *R. & R. adopted*, 2019 WL 7049449 (D.N.J. Dec. 23, 2019).

Moreover, to the extent Plaintiffs' Cross-Motion seeks "attorneys' fees incurred in connection to responding to the Motion[,]" (*see* Pls.' Cross-Mot. 25), such a request is denied. The Court finds that LGEUS's Motion does not rise to the "exceptional circumstances" that warrant sanctions.[5] *See Gant*, 2021 WL 3144620, at *1.

Based on the foregoing,

IT IS, on this ___4ᵗʰ___ day of ___June___ 2026, **ORDERED** as follows:

1.    LGEUS's Motion (ECF No. 105) is **DENIED**.

2.    Plaintiffs' Cross-Motion (ECF No. 107) is **DENIED**.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[5] The Court further notes that Plaintiffs' Cross-Motion should also fail because Plaintiffs seemingly did not comply with the safe harbor provisions required under Rule 11. (*See* LGEUS's Opp'n Br. 10 ("Plaintiffs failed to serve LGEUS with a copy of their [C]ross-[M]otion before it was filed and did not otherwise provide LGEUS with any notice of their [C]ross-[M]otion for sanctions under Rule 11.")); *Hocheiser v. Liberty Life Assurance Co.*, No. 17-6096, 2019 WL 13400789, at *1 (D.N.J. July 15, 2019) ("Rule 11 requires a motion for sanctions to be first served on the party against whom sanctions are sought, twenty-one days before the filing of a formal sanctions motion . . . . This requirement, . . . commonly referred to as the 'safe harbor provision,' is intended to provide the allegedly infringing party with an opportunity to 'withdraw or correct the challenged issue.'" (first citing Fed. R. Civ. P. 11(c)(2); and then citing *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008))).